```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------

IN RE CITIGROUP ERISA LITIGATION            11 Cv. 7672 (JGK)

                                            OPINION AND ORDER

-----------------------------------

**JOHN G. KOELTL, District Judge:**

　　The plaintiffs brought this consolidated class action against the defendants asserting that the defendants violated their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  The plaintiffs, Citigroup employees, based their claims on the defendants' purported mismanagement of the plaintiffs' employee stock ownership plans ("ESOPs"), a portion of the plaintiffs' 401(k) plans that allowed Citigroup employees to invest in Citigroup common stock.  The plaintiffs argued that the defendants acted imprudently by continuing to allow the plaintiffs to invest in Citigroup common stock at a time when Citigroup stock was falling drastically.[1]

　　In an opinion and order dated May 13, 2015, this Court dismissed the plaintiffs' Third Consolidated Amended Complaint

---

[1] The plaintiffs also sought to represent investors in the Citibuilder 401(k) Plan for Puerto Rico although no named plaintiff was an investor in that Plan.

in its entirety.  In re Citigroup ERISA Litig., No. 11cv7672, 2015 WL 2226291, at *15 (S.D.N.Y. May 13, 2015).  Among other reasons for the dismissal of individual claims and defendants, the Court's dismissal of the Complaint rested on two independent bases.  First, the Court held that the plaintiffs' claims were time-barred under ERISA's statute of limitations, 29 U.S.C. § 1113.  Because the plaintiffs had actual knowledge of Citigroup's perilous financial condition more than three years before they filed the Complaint, their claims were untimely. Id. at *9-10.

     Second, the Court held that the plaintiffs' fiduciary duty claims were without merit.  Specifically, the Court relied on Fifth Third Bancorp v. Dudenhoeffer, 134 S. Ct. 2459 (2014), which held in part that "where a stock is publicly traded, allegations that a fiduciary should have recognized from publicly available information alone that the market was over- or undervaluing the stock are implausible as a general rule, at least in the absence of special circumstances."  Id. at 2471. In this case, the plaintiffs failed to show any special circumstances that would have made it imprudent for the defendants to rely on market valuations and allow the plaintiffs to continue investing in Citigroup common stock.  In re Citigroup ERISA Litig., 2015 WL 2226291, at *14.

The plaintiffs move for reconsideration of the Court's May 13 order and opinion. They argue that the Supreme Court's subsequent decision in Tibble v. Edison Int'l, 135 S. Ct. 1823 (2015) compels reconsideration of both of these grounds for dismissal of the Third Consolidated Amended Complaint. The defendants oppose this motion.

"The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03 Civ. 2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011) (internal quotation marks omitted). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly . . . ." Anwar v. Fairfield Greenwich Ltd., 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011) (internal quotation marks omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted); see also Assured Guar. Mun. Corp. v. RBS Sec. Inc., No. 13cv2019, 2014 WL 1855766, at *1 (S.D.N.Y. May 8, 2014).

The plaintiffs argue that Tibble represents an intervening change of controlling law. However, other than that both cases deal with the duty of prudence for ERISA fiduciaries, Tibble and

3

this case have little in common.  In Tibble, the plaintiffs' claims did not concern ESOPs or the duties of fiduciaries faced with a drop in the price of company stock held by such plans. Rather, the plaintiffs in Tibble alleged that the defendants acted imprudently by offering higher priced retail-class mutual funds as Plan investments when materially identical lower priced institutional-class mutual funds were available.  135 S. Ct. at 1826.  The Court of Appeals for the Ninth Circuit held that some of the plaintiffs' claims were untimely because the defendant-fiduciaries added the mutual funds in 1999, and thus the plaintiffs did not satisfy ERISA's six-year statute of limitations under Section 1113(1).  Id. at 1827.

The Supreme Court reversed, holding that the Court of Appeals erred in its application of the six-year statute of limitations.  Id. at 1828-29.  The Court held that even if the investment was made more than six years before the plaintiffs brought the action, the plaintiffs may allege the defendant-fiduciaries failed in their "continuing duty . . . to monitor investments and remove imprudent ones."  Id.  The Court emphasized the importance of trust law in evaluating such allegations.  Id. at 1829.

The plaintiffs argue that Tibble compels this Court to reconsider its holding with respect to § 1113.  However, ERISA's statute of limitations bars a claim after "the *earlier* of" (1)

4

six years after "the date of the last action which constituted a part of the breach or violation . . ." or (2) "three years after the *earliest date* on which the plaintiff had actual knowledge of the breach of violation."  29 U.S.C. § 1113 (emphasis added).  Tibble only addressed the six-year statute of limitations in § 1113(1).

This Court dismissed the plaintiffs' claims based on the three-year statute of limitations in § 1113(2) because the plaintiffs acquired actual knowledge of the defendants' alleged violations more than three years before they filed the Complaint.  As the Court stated in its May 13 opinion, plaintiffs who acquire actual knowledge of the alleged breaches of duty must bring their claims "within three years of acquiring 'actual knowledge,'" and cannot rely on the six-year statute of limitations.  In re Citigroup ERISA Litig., 2015 WL 2226291, at *9 (quoting Leber v. Citigroup 401(k) Plan Inv. Comm., No. 07cv9329, 2014 WL 4851816, at *3 (S.D.N.Y. Sept.30, 2014)); see also id. at *10 n.9 (rejecting "continuing obligation" argument because it pertained to the six-year statute of limitations).  Tibble only discussed the six-year statute of limitations under § 1113(1) and did not even mention the three-year statute of limitation from "actual knowledge" in § 1113(2).  Nothing in Tibble affects this Court's analysis of why the plaintiffs'

5

claims are barred under the three-year statute of limitations in § 1113(2).

The plaintiffs also argue that Tibble compels reconsideration of their claims on the merits because it re-affirms ERISA's reliance on trust law, under which the plaintiffs argue they have stated a claim. The Supreme Court in Dudenhoeffer also affirmed the importance of trust law, and stated a general rule for the specific type of claims brought by the plaintiffs in this case—"allegations that a fiduciary should have recognized from publicly available information alone that the market was over- or undervaluing the stock"—sometimes termed ERISA "stock drop" cases. 134 S. Ct. at 2471. The Court held that absent "special circumstances," those claims are generally "implausible." Id.

Dudenhoeffer was anchored precisely in the context of alleged breaches of fiduciary duties against fiduciaries of ESOPs who continued to make company stock available for investment despite falling stock prices. The Court recognized that ESOP fiduciaries may find themselves "between a rock and a hard place," because they will be second guessed if they sell the stock and the stock goes up, or if they fail to sell the stock and the stock continues to go down. Id. at 2470. The Supreme Court rejected a presumption that the fiduciaries acted prudently unless the company was in very bad circumstances. Id.

6

at 2470-71.  However, the Court went on to explain how fiduciaries could rely on the market as a fair valuation of the company stock "in the absence of special circumstances."  Id. at 2471.

Tibble did not involve claims based on a drop in an employer's stock price, and thus did not discuss this holding.  Tibble concerned allegations of buying mutual funds at a retail price when they could have been obtained more cheaply at an institutional price.  135 S. Ct. at 1826.  Indeed, Tibble only cited to Dudenhoeffer once, without comment, in re-affirming the standards for ERISA duty of prudence claims.  Id. at 1828.  Accordingly, nothing in Tibble casts any doubt on this Court's holding with respect to the lack of merit in the plaintiffs' claims in this case.

The plaintiffs' other arguments in this motion, such as the argument based on Gedek v. Perez, No. 12cv6051, 2014 WL 7174249 (W.D.N.Y. Dec.17, 2014), were considered and rejected in the Court's May 13 opinion and order.  The plaintiffs have not shown that there are any facts or law that this Court has overlooked, and they have not shown any change in controlling law that warrants reconsideration of the Court's prior opinion.

## CONCLUSION

The plaintiffs' motion for reconsideration is **denied**. **The Clerk is directed to close Docket No. 108.**

**SO ORDERED.**

**Dated:**   **New York, New York**
             **July 6, 2015**

                                   _____/s/_____
                                         **John G. Koeltl**
                                   **United States District Judge**