
MANDATE

15-2461-cv                                          1:11-cv-07672-JGK
*Muehlgay v. Citigroup, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand and sixteen.

Present:

RALPH K. WINTER,
PETER W. HALL,
CHRISTOPHER F. DRONEY,
          *Circuit Judges.*

_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _ June 14, 2016 _

Steven Muehlgay, Sherri M. Harris, Chad D. Meisner,

          *Plaintiffs-Appellants*,

Mark Geroulo, Individually, on behalf of the Citigroup 401(k)
Plan, the Citibuilder 401 (k) Plan For Puerto Rico and on behalf
of all others similarly situated, Frederick Winfield,

          *Plaintiffs*,                                    No. 15-2461-cv
                    v.

Citigroup Inc., Citibank NA, Administration Committee
of Citigroup, Inc., Richard Tazik, Jorge Bermudez, Michael
Burke, Larry Jones, Thomas Santagelo, The Citigroup 401(K)
Plan Investment Committee, Leo Viola, Donald Young,
Robert Grogan, Robin Leopold, Glenn Regan, Christine Simpson,
Timothy Tucker, Marcia Young, Winfried F.W. Bischoff,
Kenneth Derr, Roberto Hernandez, Robert Rubin, Franklin Thomas,
 C. Michael Armstrong, Alain J.P. Belda, John M. Deutch,

1

MANDATE ISSUED ON 06/14/2016

Andrew N. Liveris, Anne M. Mulcahy, Vikram S. Pandit,
Richard D. Parsons, Judith Rodin, Lawrence R. Ricciardi,
Robert L. Ryan,

      *Defendants - Appellees*,

Steve Calabro, Jill Rorschach, Alisa Seminara, Bruce Cohen,
Beth Webster, John Doe, 1-20,

      *Defendants*.

_____

| | |
|---|---|
| For Plaintiffs-Appellants: | SAMUEL K. ROSEN, Robert I. Harwood, Tanya Korkhov, Harwood Feffer LLP, New York, NY; Marian P. Rosner, Andrew E. Lencyk, Wolf Popper LLP, New York, NY. |
| For Defendants-Appellees: | LEWIS R. CLAYTON, Brad S. Karp, Susanna M. Buergel, Paul A. Paterson, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY. |

_____

Appeal from a final judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants appeal from a judgment entered in the United States District Court for the Southern District of New York, dismissing their action brought under the Employee Retirement Income Security Act ("ERISA"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. For the reasons stated below, we affirm.

ERISA claims alleging a breach of fiduciary duty must be brought within "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113(2). A plaintiff has "actual knowledge" of a breach or violation "when he has knowledge of all material facts necessary to understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act." *Caputo v. Pfizer, Inc.,* 267 F.3d 181, 193 (2d Cir.

2001).   A six-year statute of limitations applies to a plaintiff who did not have actual knowledge of a breach.  29 U.S.C. § 1113(1).

We agree with the district court that Appellants' action is barred by the three-year statute of limitations because they had "actual knowledge" of a breach before December 2008. Appellants repeatedly alleged in their complaint that, prior to December 2008, there were widely publicized warnings about Citigroup's exposure to subprime mortgages.  Appellants insist that, unlike the fiduciary defendants, they were "ordinary employees" who were unable to understand this information.  This argument, however, is at odds with the allegations in the complaint.  For example, Appellants alleged that the imprudence of investing in Citigroup stock could "be gleaned even from a cursory review of the omnipresent news stories," J.A. 294, and that, by January 2008, Citigroup's precarious financial position was evident "from alarming public filings, analyst warnings, and articles in the financial and general press," J.A. 280.  Given the ample public information detailing the threat posed to Citigroup by the subprime mortgage crisis as alleged in their own complaint, we agree with the district court that Appellants had "actual knowledge" of a breach prior to December 2008.  We also agree that any non-public information that came to light after December 2008 was redundant of the publicly available information and thus had no bearing on the calculation of the limitations period.[1]

Appellants contend that the information available prior to December 2008 did not reveal that the defendants failed to employ a prudent process to monitor and evaluate the continued investments in Citigroup stock.  Although Appellants described in their complaint what a prudent

---

[1]  The fact that Citigroup borrowed $740 billion from the Federal Reserve was only revealed to the public in 2010.  Therefore, that aspect of Appellants' claim regarding non-public information is not barred by the statute of limitations.  However, that aspect of the claim fails because Appellants have not plausibly alleged an alternative action that Citigroup could have taken that a prudent fiduciary in the same circumstances would not have viewed as more likely to harm the fund than to help it.  *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2472 (2014).

process would look like, they did not describe—nor purport to have knowledge of—the process that was (or was not) employed by the defendants.  Instead, the allegations regarding the lack of a prudent process were redundant and circular: they assumed that any breach must have resulted from the lack of a prudent process.  If that were true, however, any breach caused by the lack of a prudent process would trace back to the breaches that occurred prior to December 2008, and thus would still be barred by the statute of limitations.

Appellants further contend that they did not have actual knowledge of "a sustainable breach claim as a matter of law" until this Court issued its decision in *In re Citigroup ERISA Litig. ("Citigroup I")*, 662 F.3d 128 (2d Cir. 2011).  A plaintiff, however, "need not have knowledge of the relevant law" to have actual knowledge within the meaning of § 1113(2).  *Caputo,* 267 F.3d at 193.  Appellants also assert that they could not file their action until we decided *Citigroup I* because it would have been dismissed by the district court, and filing such an action may have exposed them to sanctions.  Appellants have not alerted us to any case law supporting the proposition that these circumstances provide a basis to toll the statute of limitations.  If Appellants are attempting to seek equitable tolling, we decline to apply it in these circumstances.

Appellants posit that the breaches were "continuing in nature," and thus constituted a continuing violation that tolled or extended the statute of limitations.  We agree with the district court that applying the continuing-violation theory to § 1113(2) would improperly supplant the plain language of the statute.  *See, e.g., Phillips v. Alaska Hotel & Rest. Emps. Pension Fund*, 944 F.2d 509, 520 (9th Cir. 1991) (reasoning that "application of the continuing violations theory founders on the plain language" of § 1113(2), and that "[o]nce a plaintiff knew of one breach, an awareness of later breaches would impart nothing materially new").

4

We decline to reach the district court's alternative ruling that Appellants' complaint fails to state a claim, and we have considered Appellants' remaining arguments and find them to be without merit.  We **AFFIRM** the district court's judgment on the ground that Appellants' action is barred by ERISA's statute of limitations.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5